IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

LOUIS PACK,

    Plaintiff,

V.                                    CIVIL ACTION NO. 3:05-0495

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff protectively filed his applications on July 15, 2002, alleging disability commencing July 1, 2000, as a consequence of "bad nerves," seizures, shortness of breath and poor vision and hearing. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-seven years of age and had obtained a GED. His past relevant employment experience consisted of work as a general laborer for the Town of Ft. Gay. In his decision, the administrative law judge determined that plaintiff suffers from "depression, anxiety, and possible chronic obstructive pulmonary disease," impairments he considered severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of sedentary level work. On the basis of this finding, and relying on Rule 201.18 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Review of the record reveals deficiencies which will require remand for further proceedings. In attempting to satisfy the Commissioner's burden of showing there was alternate work which plaintiff could perform, the administrative law judge utilized a vocational expert; however, the hypothetical question presented to this witness was vague, containing only a listing of plaintiff's conditions in nonspecific terms with no indication of the effect of those conditions on his residual functional capacity. For instance, the administrative law judge told the vocational expert that plaintiff had "pain in the area of the back, knees, and shoulders," "some" mental depression and "a history of seizures." He added that the vocational expert should consider these impairments to occur with sufficient frequency and severity to preclude sustained physical and

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1.

mental activity or, in the alternative, to be only a mild to moderate.[3] Additionally, there is no mention of plaintiff possibly having chronic obstructive pulmonary disease which the administrative law judge found in his decision would preclude work in environmental pollutants. Also, in his decision, the administrative law judge determined plaintiff would be limited to simple, unskilled jobs with "minimal social interaction." While the vocational expert probably realized that the unskilled jobs he cited should be simple in light of plaintiff's borderline intellectual functioning, there is no indication in the hypothetical question that plaintiff would have been limited to minimal social interaction. In light of these vague assumptions, it is difficult to ascertain what the vocational expert may have assumed with regard to limitations on plaintiff's residual functional capacity.

A vocational expert's opinion is of value only if given in response to "proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).[4] Inasmuch as the hypothetical questions here clearly fall short of this standard, the vocational expert's testimony cannot provide substantial evidentiary support for the Commissioner's decision and remand for additional vocational testimony will be required.

On remand, the administrative law judge should carefully consider the evidence submitted to the Appeals Council relative to plaintiff's seizures. In the decision, seizures were not considered severe because evidence substantiating a seizure disorder or actual treatment therefor were not found. The evidence submitted to the Appeals Council documents diagnoses of a seizure disorder and treatment with prescribed medication. This evidence will, of course, need to be

---

[3] Obviously, it does not require an expert to respond to that first assumption, and one can only speculate on the basis for the answer to the second.

[4] See also, O'Leary v. Schweiker, 710 F.2d 1334, 1343 (8th Cir. 1983); Hicks v. Califano, 600 F.2d 1048, 1051 (4th Cir. 1979).

considered in determining whether there are additional work-related limitations established. On remand, the parties should be given the opportunity to submit additional evidence.

## **RECOMMENDATION**

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to all counsel of record.

DATED: January 29, 2007

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE